# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTELLE LEE FAIRFAX, | Civil Action No. 10 - 1684 |
| Petitioner, | |
| | Chief District Judge Gary L. Lancaster |
| v. | |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| MS. D. SAUERS; THE DISTRICT ATTORNEY OF THE COUNTY OF FAYETTE and THE ATTORNEY GENERAL OF PENNSYLVANIA, | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

**II.  REPORT**

Petitioner, Montelle Lee Fairfax, a state prisoner incarcerated at the State Correctional Institution at Forest, located in Marienville, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he raises claims concerning his convictions for Rape of a Child and related charges. For the reasons that follow, the Petition should be dismissed because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

### A. Relevant Procedural History

On October 6, 2005, in the Court of Common Pleas of Fayette County, Petitioner was convicted of two counts of Rape of a Child and related charges. Thereafter, he was sentenced to an aggregate term of imprisonment of from ten (10) to twenty (20) years. Petitioner filed a

timely notice of appeal and on November 21, 2006, the Superior Court of Pennsylvania affirmed his judgment of sentence (Commw. Ex. 2). Petitioner filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that Court on May 17, 2007 (Commw. Ex. 3). On June 4, 2008, the Fayette County Office of the Public Defender sent Petitioner notice that his appeal had been denied.

On March 9, 2009, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9545. Appointed Counsel filed a "no-merit" letter and on June 30, 2009, the Trial Court dismissed Petitioner's PCRA Petition as untimely (Commw. Ex. 31). Petitioner filed a timely Notice of Appeal and on December 18, 2009, the Superior Court of Pennsylvania issued a Memorandum affirming the Trial Court's determination dismissing Petitioner's PCRA Petition as untimely (Commw. Ex. 18). Petitioner's federal Petition for Habeas Corpus is dated December 1, 2010.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996). In section 101 of AEDPA, Congress imposed a new, one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

>    the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U. S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the new one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on May 17, 2007. Consequently, direct review of Petitioner's conviction became "final" on or about August 17, 2007, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the

conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Thus, Petitioner had one year from that date, *i.e.*, until August 17, 2008 to file a federal habeas corpus petition challenging his conviction.

As stated above, Petitioner's federal habeas corpus is dated December 1, 2010, well past the expiration of his one-year limitations period. Consequently, this court must determine whether the Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his first PCRA petition on March 9, 2009. The Trial Court dismissed this PCRA Petition as untimely and the Superior Court affirmed this determination. In making this determination, the Pennsylvania courts applied Pennsylvania law, which holds that no court has jurisdiction to hear an untimely PCRA petition. Commonwealth v. Robinson, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). In this regard, the PCRA requires that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. Cons. Stat. § 9545(b)(3).

There are three statutory exceptions to the timeliness provisions in the PCRA. 42 Pa. Cons. Stat. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

>   (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
>   (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>   (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii). When a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims. Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Commonwealth v. Bennett, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. Commonwealth v. Carr, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. Commonwealth v. Breakiron, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); Commonwealth v. Yarris, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. Commonwealth v. Vega, 754 A.2d 714, 718 (Pa. Super. 2000).

The federal habeas corpus statute, as amended by AEDPA specifically provides that only "properly filed" applications for State post-conviction or other collateral review can toll the one-year limitations period. In Petitioner's case, his PCRA petition was dismissed as untimely. In

upholding the dismissal of Petitioner's PCRA Petition, the Superior Court specifically noted that Petitioner would have been able to have taken advantage of the exception set forth in 42 Pa. Cons. Stat. § (b)(1)(ii) as he claimed that he did not receive notice that the Pennsylvania Supreme court had denied his Petition for Allowance of Appeal until he received the June 4, 2008 letter from the Fayette County Public Defender's Office notifying him of the same. *See* Commonwealth v. Bennett, 593 Pa. 382, 930 A.2d 1264 (2007) (holding that counsel's failure to perfect appellant's appeal constituted abandonment by counsel and could serve as a newly discovered fact for purposes of section 9545(b)(1)(ii)). A petitioner invoking section 9545(b)(1)(ii) must comply with section 9545(b)(2) by presenting the claim within 60 days of discovering the new fact. Bennett, 593 Pa. at 396, 930 A,2d at 1272, n.11; Commonwealth v. Geer, 936 A.2d 1075, 1078–79 (Pa. Super. 2007).

Petitioner became aware in June of 2008 that the Supreme Court of Pennsylvania had rejected his petition for allowance of appeal. For unexplained reasons, Petitioner waited until March 9, 2009 to file his first PCRA Petition. Because this occurred more than 60 days after he became aware of his appellate counsel's alleged abandonment, his PCRA Petition was untimely. Thus, none of the time he was pursuing his PCRA petition (and arguably his second, third and fourth PCRA Petitions) may be used to toll his AEDPA limitations period. *See* Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that an untimely filed Pennsylvania PCRA petition was not a "properly filed application" under AEDPA). As such, his federal habeas Petition filed on December 1, 2010, over two years after his one-year limitations period expired, is untimely.

Moreover, nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions in AEDPA triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme

Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, Petitioner has not made any showing that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> . . . equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 534 U.S. 944 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); In re Boshears, 110 F.3d 1538, 1540-41 (11th Cir. 1997) (holding that

newly discovered evidence suggesting that petitioner did not commit the crime did not justify the filing of a successive habeas petition because the petitioner had failed to explain why the evidence could not have been discovered earlier with due diligence).

As noted by the United States Court of Appeals for the Fourth Circuit:

> any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. ' 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court held that " "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

September 29, 2011

Lisa Pupo Lenihan
U. S. Magistrate Judge

cc: Montelle Lee Fairfax
    GK - 8943
    S.C.I. Forest
    P.O. Box 945
    Marienville, PA, 16239